

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 15 2011

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF ARKANSAS**

DONALD LOVE, ROBERT PLUNK, KATIE M.
PULLINS, TERRENCE TAYLOR, THOMAS J.
LYNCH, MARIE ANN ANDERSON, RAYMOND J.
BLACK SR., RONALD B. BOBSON, JAMES ALAN
BOWLEY, ERVIN DALE BRITTON, TERRY LEE
DESCARDO, TARSHA ADAM FELTON, SHANNON
FLEISCHMAN, CARL GARDNER, STEPHEN
GARRAWAY, TODD MARTIN GIAMMO,
KENNETH HARPLEY, LORRY ISENSTEIN, DANNY
LAROSA, DAVID R. MESSING, MICHAEL J.
MOERS, MARYBETH MUNROE, TERRY M.
NICHOLS, JEFFREY SCHWERDTFEGER,
ANTHONY E. VITALE, DANIEL E. WHEATLEY,
SHANE WONG, SHIRLEY AVERY, ROBERT
MICHAEL BRASSFIELD, JASON ALLEN
CHASTAIN, KIMBERLEE J. GREENFIELD,
DONALD E. PATTERSON, GREGORY JAMES
PITTS, BERNARD L. STRINGFELLOW, RICHARD
WENTZ, JOHN D. TODD, CATHEY CORDELL,
JERMANIC CAREY, CARMEN Y. CABRERA,
WILLIAMS RICHARDS, MARK A. SIMMONS,
CHARLES MOORE, JASON PAUL WHITMORE,
MARTHA F. CANTRELL, PATRICK DAVID
CRAMER, LANE BRADLEY CRESWELL, FIDEL
SANTIAGO, EDWARD WILSON HAIKANIS, BRENT
HAYES, REINHARD JAENSCH, ESUA LEAL, PIOTR
G. MARONSKI, JOSEPH MICHAEL QUARTARO,
BARBARA A. RAMIREZ, COREY RICKMAN,
GERALD P. RUSSELL, JR., KESA WILSON,
THOMAS DAVID WINTER, ROBERT WILLIAM
HOWARD ANTHONY S. GORDON, SCOTT HEIDE,
PHI NGUYEN, MATTHEW G. SIMMONS, FRANK E.
SIMMONS JR., WALTON J. SULLIVAN JR. AND
SCOTT L. ZACHER

                                    Plaintiffs,

                v.

HOME DEPOT U.S.A., INC.

                                    Defendant.

Case No:

4:11-CV-485 JMM

**JURY TRIAL DEMANDED**

This case assigned to District Judge _Moody_
and to Magistrate Judge _Ray_

1

## COMPLAINT

Plaintiffs Donald Love, Robert Plunk, Katie M. Pullins, Terrence Taylor, Thomas J. Lynch, Marie Ann Anderson, Raymond J. Black Sr., Ronald B. Bobson, James Alan Bowley, Ervin Dale Britton, Terry Lee Descardo, Tarsha Adam Felton, Shannon Fleischman, Carl Gardner, Stephen Garraway, Todd Martin Giammo, Kenneth Harpley, Lorry Isenstein, Danny LaRosa, David R. Messing, Michael J. Moers, Marybeth Munroe, Terry M. Nichols, Jeffrey Schwerdtfeger, Anthony E. Vitale, Daniel E. Wheatley, Shane Wong, Shirley Avery, Robert Michael Brassfield, Jason Allen Chastain, Kimberlee J. Greenfield, Donald E. Patterson, Gregory James Pitts, Bernard L. Stringfellow, Richard Wentz, John D. Todd, Cathey Cordell, Jermanic Carey, Carmen Y. Cabrera Williams Richards, Mark A. Simmons, Charles Moore, Jason Paul Whitmore, Martha F. Cantrell, Patrick David Cramer, Lane Bradley Creswell, Fidel Santiago, Edward Wilson Haikanis, Brent Hayes, Reinhard Jaensch, Esua Leal, Piotr G. Maronski, Jospeh Michael Quartaro, Barbara A. Ramirez, Corey Rickman, Gerald P. Russell, Jr., Kesa Wilson, Thomas David Winter, Robert William Howard, Scott Heide, Phi Nguyen, Matthew G. Simmons, Frank E. Simmons Jr., Walton J. Sullivan Jr. And Scott L. Zacher (collectively the "Plaintiffs"), each bring a complaint against Home Depot U.S.A., Inc. ("Home Depot" or "Defendant"), and allege as follows:

## INTRODUCTION

1. Each Plaintiff originally opted into the case stylized *Aquilino et al. v. Home Depot U.S.A., Inc.*, 04-cv-4100, which is currently pending in the District Court of New Jersey before Judge Sheridan. Aquilino asserts claims under the FLSA, 29 U.S.C. §201 *et seq.* By filing consents to join the statute of limitations were tolled on Plaintiffs' claims and remained tolled by order of the District Court of New Jersey until June 15, 2011.

2. On May 2, 2011, Judge Sheridan entered an Order dismissing without prejudice the opt in plaintiffs in *Aquilino* and further holding that the tolling of the statute of limitations of the opt-in plaintiffs' claims conclude and such statute continue to run for each plaintiff for its unexpired portion on June 15, 2011.

3. Plaintiffs now bring this action pursuant to FLSA, 29 U.S.C. § 201 *et seq.* to remedy Home Depot's violations of the wage and hour provisions of the FLSA which have deprived Plaintiffs of lawful wages.

4. Certain Plaintiffs also brings claims under applicable state wage and hour laws.

5. Specifically, Plaintiffs seek to recover unpaid overtime compensation owed to them pursuant to FLSA and state laws for all hours worked over 40 hours. Each Plaintiff is entitled to such overtime compensation for all hours worked over 40 hours per week for the time period of at least three years prior to the time the Plaintiff consented to join *Aquilino*.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and under section 216(b) of the FLSA, 29 U.S.C. § 216(b).

7.      This Court also has supplemental jurisdiction over Plaintiffs' state claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to Plaintiffs' federal claims that they form a part of the same case or controversy between the parties.

8.      Venue is proper in this District Court pursuant to 28 U.S.C. § 1391.

## PARTIES

### Alabama Employed Plaintiffs

9. Plaintiff Donald Love is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived

of overtime compensation by Home Depot. As a MASM, Plaintiff Love's primary duties consisted of non-managerial tasks of manual labor and customer service.

10. Plaintiff Robert Plunk is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Plunk's primary duties consisted of non-managerial tasks of manual labor and customer service.

11. Plaintiff Katie Marcelle Pullins is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Pullins' primary duties consisted of non-managerial tasks of manual labor and customer service.

**Arkansas Employed Plaintiffs**

12. Plaintiff Terrence Taylor is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Taylor's primary duties consisted of non-managerial tasks of manual labor and customer service.

13. Plaintiff Thomas J. Lynch is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Lynch's primary duties consisted of non-managerial tasks of manual labor and customer service.

**Florida Employed Plaintiffs**

14. Plaintiff Marie Ann Anderson is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff

4

Anderson's primary duties consisted of non-managerial tasks of manual labor and customer service.

15. Plaintiff Raymond J. Black Sr. is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Black's primary duties consisted of non-managerial tasks of manual labor and customer service.

16. Plaintiff Ronald B. Bobson is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Bobson's primary duties consisted of non-managerial tasks of manual labor and customer service.

17. Plaintiff James Alan Bowley is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Bowley's primary duties consisted of non-managerial tasks of manual labor and customer service.

18. Plaintiff Ervin Dale Britton is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Britton's primary duties consisted of non-managerial tasks of manual labor and customer service.

19. Plaintiff Terry Lee Descardo is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff

Descardo's primary duties consisted of non-managerial tasks of manual labor and customer service.

20. Plaintiff Tarsha Adam Felton is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Felton's primary duties consisted of non-managerial tasks of manual labor and customer service.

21. Plaintiff Shannon Fleischman is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Fleischman's primary duties consisted of non-managerial tasks of manual labor and customer service.

22. Plaintiff Carl Gardner is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Gardner's primary duties consisted of non-managerial tasks of manual labor and customer service.

23. Plaintiff Stephen Garraway is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Garraway's primary duties consisted of non-managerial tasks of manual labor and customer service.

24. Plaintiff Todd Martin Giammo is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff

Giammo's primary duties consisted of non-managerial tasks of manual labor and customer service.

25. Plaintiff Kenneth Harpley is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Harpley's primary duties consisted of non-managerial tasks of manual labor and customer service.

26. Plaintiff Lorry Isenstein is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Isenstein's primary duties consisted of non-managerial tasks of manual labor and customer service.

27. Plaintiff Danny LaRosa is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff LaRosa's primary duties consisted of non-managerial tasks of manual labor and customer service.

28. Plaintiff David R. Messing is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Messing's primary duties consisted of non-managerial tasks of manual labor and customer service.

29. Plaintiff Michael J. Moers is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was

unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Moers' primary duties consisted of non-managerial tasks of manual labor and customer service.

30.  Plaintiff Marybeth Munroe is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Munroe's primary duties consisted of non-managerial tasks of manual labor and customer service.

31.  Plaintiff Terry M. Nichols is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Nichols' primary duties consisted of non-managerial tasks of manual labor and customer service.

32.  Plaintiff Idalmis Rodriguez is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Rodriguez's primary duties consisted of non-managerial tasks of manual labor and customer service.

33.  Plaintiff Jeffrey Schwerdtfeger is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Schwerdtfeger's primary duties consisted of non-managerial tasks of manual labor and customer service.

34.  Plaintiff Anthony E. Vitale is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was

unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Vitale's primary duties consisted of non-managerial tasks of manual labor and customer service.

35. Plaintiff Daniel E. Wheatley is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Wheatley's primary duties consisted of non-managerial tasks of manual labor and customer service.

36. Plaintiff Shane Wong is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Wong's primary duties consisted of non-managerial tasks of manual labor and customer service.

**Georgia Employed Plaintiffs**

37. Plaintiff Shirley Avery is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Avery's primary duties consisted of non-managerial tasks of manual labor and customer service.

38. Plaintiff Robert Michael Brassfield is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Brassfield's primary duties consisted of non-managerial tasks of manual labor and customer service.

39. Plaintiff Jason Allen Chastain is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was

unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Chastain's primary duties consisted of non-managerial tasks of manual labor and customer service.

40. Plaintiff Kimberlee J. Greenfield is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Greenfield's primary duties consisted of non-managerial tasks of manual labor and customer service.

41. Plaintiff Donald E. Patterson is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Patterson's primary duties consisted of non-managerial tasks of manual labor and customer service.

42. Plaintiff Gregory James Pitts is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Pitts' primary duties consisted of non-managerial tasks of manual labor and customer service.

43. Plaintiff Bernard L. Stringfellow is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Stringfellow's primary duties consisted of non-managerial tasks of manual labor and customer service.

44. Plaintiff Richard Wentz is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Wentz's primary duties consisted of non-managerial tasks of manual labor and customer service.

**Kentucky Employed Plaintiff**

45. Plaintiff John D. Todd is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Todd's primary duties consisted of non-managerial tasks of manual labor and customer service.

**Louisiana Employed Plaintiffs**

46. Plaintiff Cathey Cordell is a current former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Cordell's primary duties consisted of non-managerial tasks of manual labor and customer service.

47. Plaintiff David Johnson is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Johnson's primary duties consisted of non-managerial tasks of manual labor and customer service.

**Mississippi Employed Plaintiff**

48. Plaintiff Jermanic Carey is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was

unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Carey's

primary duties consisted of non-managerial tasks of manual labor and customer service.

**North Carolina Employed Plaintiffs**

49.  Plaintiff Carmen Y. Cabrera is a former employee of Home Depot, who within the

applicable time period, routinely worked over 40 hours per week as a MASM and was

unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff

Cabrera's primary duties consisted of non-managerial tasks of manual labor and customer

service.

50.  Plaintiff William Richards is a current or former employee of Home Depot, who within

the applicable time period, routinely worked over 40 hours per week as a MASM and was

unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff

Richard's primary duties consisted of non-managerial tasks of manual labor and customer

service.

51.  Plaintiff Mark A. Simmons is a current or former employee of Home Depot, who within

the applicable time period, routinely worked over 40 hours per week as a MASM and was

unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff

Simmons' primary duties consisted of non-managerial tasks of manual labor and customer

service.

**Tennessee Employed Plaintiffs**

52.  Plaintiff Charles Moore is a former employee of Home Depot, who within the applicable

time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived

of overtime compensation by Home Depot.  As a MASM, Plaintiff Moore's primary duties

consisted of non-managerial tasks of manual labor and customer service.

53. Plaintiff Jason Paul Whitmore is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Whitmore's primary duties consisted of non-managerial tasks of manual labor and customer service.

## Texas Employed Plaintiffs

54. Plaintiff Martha F. Cantrell is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Cantrell's primary duties consisted of non-managerial tasks of manual labor and customer service.

55. Plaintiff Patrick David Cramer is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Crammer's primary duties consisted of non-managerial tasks of manual labor and customer service.

56. Plaintiff Lane Bradley Creswell is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Creswell's primary duties consisted of non-managerial tasks of manual labor and customer service.

57. Plaintiff Fidel De Santiago is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was

13

unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff De Santiago's primary duties consisted of non-managerial tasks of manual labor and customer service.

58. Plaintiff Edward Wilson Haikinis is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Haikanis' primary duties consisted of non-managerial tasks of manual labor and customer service.

59. Plaintiff Brent Hayes is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Hayes' primary duties consisted of non-managerial tasks of manual labor and customer service.

60. Plaintiff Reinhard Jaensch is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Jaensch's primary duties consisted of non-managerial tasks of manual labor and customer service.

61. Plaintiff Esau Leal is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Leal's primary duties consisted of non-managerial tasks of manual labor and customer service.

62. Plaintiff Piotr G. Maronski is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was

unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Maronski's primary duties consisted of non-managerial tasks of manual labor and customer service.

63. Plaintiff Joseph Michael Quartaro is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Quartaro's primary duties consisted of non-managerial tasks of manual labor and customer service.

64. Plaintiff Barbara A. Ramirez is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Ramirez's primary duties consisted of non-managerial tasks of manual labor and customer service.

65. Plaintiff Corey Rickman is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Rickman's primary duties consisted of non-managerial tasks of manual labor and customer service.

66. Plaintiff Gerald P. Russell Jr. is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Russell's primary duties consisted of non-managerial tasks of manual labor and customer service.

67. Plaintiff Kesa Wilson is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Wilson's primary duties consisted of non-managerial tasks of manual labor and customer service.

68. Plaintiff Thomas David Winter is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Winter's primary duties consisted of non-managerial tasks of manual labor and customer service.

69. Plaintiff Robert William Howard is a current employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Howard's primary duties consisted of non-managerial tasks of manual labor and customer service.

**Virginia Employed Plaintiffs**

70. Plaintiff Scott Heide is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Heide's primary duties consisted of non-managerial tasks of manual labor and customer service.

71. Plaintiff Phi Nguyen is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Nguyen's primary duties consisted of non-managerial tasks of manual labor and customer service.

72. Plaintiff Matthew G. Simmons is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Simmons' primary duties consisted of non-managerial tasks of manual labor and customer service.

73. Plaintiff Frank E. Simmons Jr. is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Simmons' primary duties consisted of non-managerial tasks of manual labor and customer service.

74. Plaintiff Walton J. Sullivan Jr. is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Sullivan's primary duties consisted of non-managerial tasks of manual labor and customer service.

75. Plaintiff Scott L. Zacher is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Zacher's primary duties consisted of non-managerial tasks of manual labor and customer service.

**Defendant Home Depot**

76. Defendant Home Depot is a Delaware corporation with its principal executive offices located at 2455 Pace Ferry Road, N.W., Atlanta, Georgia. Home Depot is the world's largest home improvement retailer and second largest retailer in the United States. It owns and operates

17

nearly 1,800 retail stores throughout the United States including Alabama, Arkansas, Florida, Georgia, Kentucky, Louisiana, Mississippi, North Carolina, Tennessee, Texas, and Virginia.

## SUBSTANTIVE ALLEGATIONS FOR EACH PLAINTIFF

77. Defendant Home Depot, owns and operates approximately1,800 home improvement retail stores located throughout the United States, including Alabama, Arkansas, Florida, Georgia, Kentucky, Louisiana, Mississippi, North Carolina, Tennessee, Texas, and Virginia and employs tens of thousands of workers in these stores, including Merchandizing Assistant Store Managers ("MASMs").

### A.     Plaintiffs' Primary Duties were/are Non-Managerial

78. Home Depot stores generally have the following employees working in each store: Store Manager(s), Assistant Store Managers, including MASMs, Department Heads/Supervisors, and Sales Associates.  Some Home Depot stores also have Human Resource Managers that are involved in the stores hiring, firing and employee scheduling.

79. Department Heads/Supervisors are hourly associates who are paid at an hourly rate and are entitled to overtime pay if they work over 40 hours per week.

80. Department Heads/Supervisors can and do perform and are expected to perform many of the "managerial" type tasks that MASMs are expected to perform.

81. As MASMs, Plaintiffs were required to perform both managerial and non-managerial duties, but Plaintiffs spent the majority of their time on their non-managerial duties. Indeed, Home Depot expected Plaintiffs to prioritize their non-managerial duties over their managerial duties.

82. Plaintiffs' primary duties as MASMs were non-managerial tasks including such tasks as packing and unpacking freight; setting product; cleaning bathrooms and the store; picking up

18

garbage and taking the garage out; pushing shopping carts and returning shopping carts from the parking lot to inside the store; running registers; receiving trucks; building displays; cutting wood; painting displays; fixing tools; labeling product in overhead; and loading customers' cars ("tasking"). When Plaintiffs were not tasking and were on the floor, Plaintiffs spent the majority that remaining time providing customer service.

83. As MASMs, Plaintiffs regularly and routinely worked in excess of 40 hours per week.

84. One of the requirements of the MASM position was to work a minimum 55 hours per week, which generally broke down into 5 day 11 hour work weeks. Plaintiffs frequently and regularly worked beyond the minimum 55 hours per week.

85. By the conduct described in this Complaint, Home Depot has violated the Fair Labor Standards Act ("FLSA") and applicable state laws by failing to pay Plaintiffs proper overtime wages as required by law.

86. Under both federal and state wage laws they are each entitled to be paid for all hours worked over 40 hours per week. While Plaintiffs were employed by Home Depot as MASMs, Home Depot required that they work in excess of 40 hours per week without paying them 1.5 times their regular rate of pay.

87. Home Depot had a pattern and practice of deliberately misclassifying Plaintiffs as "exempt" employees for the purpose of federal and state overtime law in order to save money in employee compensation.

**B.     Home Depot's Unlawful Conduct Was and Is Willful**

88. Throughout the relevant time period, Home Depot's policy was to deprive its MASMs of earned overtime compensation. In order to avoid paying MASMs overtime compensation for all

hours that they worked in excess of 40 in a workweek, Home Depot uniformly misclassified them as "executives," exempt from federal and state overtime protections.

89. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and state wage and hours laws. This policy and pattern or practice includes but is not limited to:

   a. Willfully failing to keep records of all the time that MASMs have worked for Defendant's Benefit;

   b. Willfully failing to keep accurate payroll records as required by the FLSA and state wage and hour laws;

   c. Willfully misclassifying Plaintiffs as MASMs as exempt from the requirements of the FLSA; and

   d. Willfully failing to pay Plaintiffs as MASMs, overtime wages for all hours that they worked in excess of 40 hours per week.

90. Upon information and belief, Home Depot's unlawful conduct described herein is pursuant to a corporate policy or practice of minimizing labor costs by violating FLSA and state wage and hour laws.

91. Upon information and belief, Home Depot was or should have been aware that state and federal laws required it to pay overtime compensation for hours worked in excess of 40 per week to MASMs such as Plaintiffs who primarily perform non-exempt duties.

92. Upon information and belief, Home Depot was aware or should have been aware, that as MASMs, these Plaintiffs (a) primarily performed non-exempt work such as manual labor ("tasking") and customer service; (b) wielded little or no discretion in the performance of their

duties; (c) spent very little time performing managerial type tasks; (d) and what little managerial tasks they did have, could and were done by hourly associates.

93.  Upon information and belief, despite Plaintiffs' actual and expected job duties, Home Depot uniformly designated and classified the MASM position, and therefore Plaintiffs as "managerial" employees in order to attempt to justify classifying them as exempt from overtime protections and avoid liability for overtime payments properly due to Plaintiffs.

94.  Home Depot's failure to pay Plaintiffs overtime wages for their work in excess of 40 hours per week was willful.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*
### By Each Plaintiff

95.  Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

96.  At all times relevant, Plaintiffs were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

97.  Home Depot was an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

98.  At all times relevant, Plaintiffs were or have been employees of Home Depot within the meaning of 29 U.S.C. §§203(e) and 207(a).

99.  Home Depot failed to pay Plaintiffs the overtime wages to which they are entitled to under the FLSA.

100.  Home Depot failed to keep accurate records of the time worked by each Plaintiff.

101.  Home Depot's violations of the FLSA, as described in this Complaint, have been willful and intentional.

102. Home Depot failed to make a good faith effort to comply with the FLSA with respect to Plaintiffs' compensation.

103. Because Home Depot's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

104. As a result of Home Depot's violations of the FLSA, Plaintiffs have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, as well as liquidated damages, pre-judgment interest, post-judgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### Minimum Wage Act of the State of Arkansas, Ark. Code Ann. §§ 11-24-101 through 11-4-220, On behalf of the Arkansas Plaintiffs

105. Plaintiffs reallege and incorporate by reference all allegations in paragraphs 1-8, 12-13, 77-104.

106. Home Depot engaged in a widespread pattern, policy, and practice of violating Arkansas's overtime laws.

107. At all times relevant the Arkansas Plaintiffs were or are employees and Home Depot has been an employer within the meaning of Arkansas's overtime laws. The Arkansas Plaintiffs are covered by Arkansas's overtime laws.

108. Home Depot failed to pay the Arkansas Plaintiffs overtime wages to which they were entitled under Ark. Code Ann. § 11-4-21(a). Home Depot failed to pay the Arkansas Plaintiffs for overtime at a wage rate of one and one-half times their regular rate of pay.

109. Home Depot failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the Arkansas Plaintiffs.

110. Home Depot's violations of Arkansas's overtime laws, as described in this Complaint have been willful and intentional.

111. Due to Home Depot's violations of Arkansas's overtime laws, the Arkansas Plaintiffs are entitled to recover from Defendant their unpaid overtime wages, costs of the litigation and reasonable attorney's fees.

### THIRD CAUSE OF ACTION
**Wage and Hour Act, (Chapter 95, Article 2A of the North Carolina General Statutes) and the Administrative Rules promulgated thereunder (Title 13, Chapter 20 of the North Carolina Administrative Code) On Behalf of the North Carolina Plaintiffs**

112. Plaintiffs reallege and incorporate by reference all allegations in paragraphs 1-8, 48-50, 77-104.

113. Home Depot engaged in a widespread pattern, policy, and practice of violating North Carolina's overtime laws.

114. At all times relevant the North Carolina Plaintiffs were or are employees and Home Depot has been an employer within the meaning of North Carolina's overtime laws. The North Carolina Plaintiffs are covered by North Carolina's overtime laws.

115. Home Depot failed to pay the North Carolina Plaintiffs overtime wages to which they were entitled under N.C. Gen. Stat. §95-25.4. Home Depot failed to pay the North Carolina Plaintiffs for overtime at a wage rate of one and one-half times their regular rate of pay.

116. Home Depot failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the North Carolina Plaintiffs.

117. Home Depot's violations of North Carolina's overtime laws, as described in this Complaint have been willful and intentional.

118. Due to Home Depot's violations of North Carolina's overtime laws, the North Carolina Plaintiffs are entitled to recover from Defendant their unpaid overtime wages as well as an equal amount in liquidated damages, plus costs of the litigation and reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

A.     Award each Plaintiff unpaid wages due under the FLSA calculated at a rate of one-and-one half times his or her regular rate of pay;

B.     An additional amount and equal award to each Plaintiff as liquidated damages under FLSA;

C.     Award each Plaintiff punitive damages, liquidated damages and/or other statutory penalties where available under state law;

D.     Award each Plaintiff pre-judgment and post-judgment interest as provided by law;

E.     Award each Plaintiff the costs of this suit together with reasonable attorneys' fees, and such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE that Plaintiffs demand trial by jury as to all issues in the above matter.

Dated: June 15, 2011

By: _____

J. Brad Moore AR Bar No. 2010197
Randy Coleman AR. Bar No. 70018
**JACK NELSON JONES & BRYANT, P.A.**
One Cantrell Center
2800 Cantrell Road, Suite 500
Little Rock, AR 72202
Telephone: (501) 375-1122
Facsimile: (501) 375-1927
Email:    bmoore@jacknelsonjones.com
Email:    grc@jacknelsonjones.com

Olimpio Lee Squitieri NY Bar No. 1926633
Caitlin Duffy NY Bar No. 4562336
**SQUITIERI & FEARON, LLP**
32 East 57th Street
12th Floor
New York, New York 10022
Tel: 212-421-6492
Fax: 212-421-6553
Email: lee@sfclasslaw.com
Email: Caitlin@sfclasslaw.com

*Attorneys for Plaintiffs*

25