IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| KATIE PULLINS, ET AL, | ) |
| | ) Case No: 4:11-cv-00485 JMM |
| Plaintiffs | ) |
| v. | ) STIPULATED PROTECTIVE |
| | ) ORDER |
| HOME DEPOT U.S.A., INC. | ) |
| | ) |
| Defendant. | ) |

This protective order will govern documents and information produced by the parties in *Pullins, et al. v. Home Depot, U.S.A., Inc.*, No 4:11-cv-00485 JMM (E.D. Ark.). Pursuant to Federal Rule of Civil Procedure 26(c), the parties may designate any documents and/or information as "confidential" consistent with the provisions of this protective order.

I.   DESIGNATION AND USE OF CONFIDENTIAL MATERIAL

A.   During this litigation, either party may designate as "confidential" any material produced in discovery if that party in good faith believes that the material contains protected non-public confidential information under state or federal law. Such discovery material is referred to herein as "confidential material." The party designating the material is referred to herein as the "designating party."

B.   "Confidential material" as the term is used in this protective order includes all information and documents produced by parties that fall within one or

more of the following categories: (a) information prohibited from disclosure by statute; (b) trade secrets or any other non-public information of a proprietary, strategic, commercially valuable, and/or competitively sensitive nature; (c) income tax returns, W-2, and 1099 forms; (d) personnel or employment records of past, present, or prospective employees of Home Depot, including but not limited to: (1) compensation and benefit information; (2) work histories and performance evaluations/ratings; (3) medical and health-related information; (4) information about complaints of discrimination, retaliation, or harassment and investigative files pertaining to such complaints; (5) information about disciplinary action, including terminations, and, (6) personal information, including home addresses, email addresses, dates of birth, telephone numbers, and social security numbers.

C.  The designating party will mark each page "confidential" of any document designated as such. The designation will avoid obscuring or defacing any portion of the discovery material. All copies of such documents will also be considered confidential. If marking as confidential each page of a document or a group of documents would cause undue burden, the designating party instead may designate as confidential a range of documents or pages, accompanied by a writing identifying the range as confidential. If either party inadvertently fails to designate discovery material as confidential, but subsequently determines that such material should have been so designated, it promptly will provide written notice to the

opposing party of the confidential designation and the material will be treated as such from the receipt of the notice. On the other hand, if a party designates discovery material confidential and later determines that it should not have been so designated, it will promptly provide the opposing party written notice of the removal of the designation along with a duplicate copy of the discovery material without the confidential marking.

D.   Material designated confidential will be used only in this action including for possible resolution of the asserted claims such as in mediation, negotiation, and/or voluntary arbitration of one or more of the asserted claims.

E.   Material designated confidential will not be disclosed to anyone other than: (a) the Court and its personnel; (b) counsel of record; (c) stenographic reporters; (d) the named parties in *Pullins, et al. v. Home Depot U.S.A., Inc.*; (e) any current or former officers, directors, or employees of the parties; (f) and the following, provided that they expressly agree to be bound by the terms of this protective order by executing the form attached as exhibit A, (i) any expert or consultant retained in connection with this action; (ii) witnesses and potential witnesses at, or in preparation for deposition, trial, or hearing herein, or who otherwise require the information as directed by counsel; and (iii) outside vendors who perform copying, data entry, or similar functions.

Confidential material may not be disclosed to any other person or entity without the prior written consent of the designating party or order of the Court. Any disclosure of confidential material should be only to the extent reasonably necessary for effective prosecution and defense of the claims in this action, and for no other purpose.

II.   CONDITIONS OF DISCLOSURE

   A.   As set forth in paragraph I.E. above, before disclosing confidential material to the persons qualified to receive it, counsel for the requesting party will secure from each such person the signed exhibit A, which provides that he or she has reviewed this protective order, will not divulge any confidential material or any information contained therein except in the preparation, trial, or appeal of this action and in accordance with the terms and conditions of the protective order, and will not use the material for any other purpose.

   B.   Confidential material will be copied only by counsel or by persons assisting such counsel and only for purposes permitted by this protective order, and control and distribution of confidential material and copies thereof will be the responsibility of such counsel, who will maintain a list of all persons to whom confidential material has been disclosed and the written assurances executed by such persons as set forth in paragraphs I.E. and II.A.

C.  The restrictions set forth in this protective order will not apply to: (a) information that was, is, or becomes public knowledge through its authorized release and not in violation of this protective order; or (b) Home Depot U.S.A. and its affiliates with respect to its own confidential material. Whether material that becomes public will remain confidential under this protective order will be decided based on the standards and procedures herein. If confidential material is produced by a third party, the parties hereto may designate the material as such by marking it confidential and providing the marked copy to the opposing party, who will either (1) agree the material is confidential under the terms of this protective order, or (2) inform the other party that it disagrees the material should be governed by the terms of this protective order, but nonetheless will treat the material as confidential for at least 20 days from notice of the confidentiality designation, to give the party desiring protection sufficient time to seek relief from the Court. Treatment of the material as confidential will continue until the Court resolves the issue.

III. PROTECTING CONFIDENTIAL INFORMATION AT DEPOSITIONS

A.  During a deposition, either party may request any person present to sign the attached exhibit A.

B.  To designate confidential information in testimony, the designating party will (a) make an oral statement to that effect on the record, or (b) notify the recipient in writing at any time up to 20 days after receipt of the transcript.

    C.    If confidential material is marked as an exhibit in a deposition, or hearing, or other proceeding in this action, and its contents are disclosed in testimony at such proceeding, counsel for the parties will (a) advise the reporter that the exhibit(s) refer to confidential material or (b) notify the reporter in writing at any time up to 20 days after receipt of the transcript. In either instance, the material will be marked confidential and will be deemed as such. The reporter will not furnish copies to anyone other than to the parties herein, and, if so requested, the witness and his/her counsel.

IV.    USE OF CONFIDENTIAL INFORMATION IN COURT FILINGS

Unless the parties agree beforehand that the filing party may file documents designated confidential by the other party not under seal, then any documents to be filed with the Court designated confidential will be accompanied by an application to file the material under seal. For motions that refer to confidential material, the parties will publicly file a redacted version of the filing.

V.    CHALLENGING A CONFIDENTIAL DESIGNATION

If at any time during this litigation a party disputes the designation of discovery material as confidential, the objecting party will notify the designating party in writing by facsimile or electronic mail of such dispute. The notice will identify the material in dispute and explain the basis for the objection. The designating party will have 10 days to provide a written response by facsimile or

electronic mail to the notice, explaining its reason for designating the material at issue as confidential. Should the objecting party dispute such reasons, it will so notify the designating party, and the objecting party will have 20 days from the date of such notice to seek appropriate relief from the Court. During the dispute resolution procedure in this paragraph, the designating party will have the burden of demonstrating that the material is properly designated as confidential. In the event of a dispute, the parties will continue to treat the disputed material as confidential until the dispute is resolved.

VI.  NON-PARTY SUBPOENAS

If any party receives a subpoena from any non-party to this protective order seeking production or disclosure of confidential material, that party (the "subpoenaed party") will give notice, as soon as practicable and in no event more than five business days after receiving the subpoena, to opposing counsel. The subpoenaed party will not disclose any confidential material for seven business days, if possible without violating the subpoena, after providing notice to the other party, and in no event make disclosure before notice is given. If, within this seven business day period, court relief is sought from the subpoena with regard to any confidential material, the subpoenaed party will wait for the Court to resolve the issue or applicable rules direct otherwise.

## VII. NO RESTRICTIONS

Nothing in this protective order will: (a) restrict any party with respect to its own material or discovery material that has not been designated confidential; (b) prejudice any party's rights to object to the production or disclosure of information it considers not subject to discovery; (c) restrict the scope of discovery that can be sought by any party; or (d) prejudice any party's right to seek relief from the terms of this protective order.

Nothing in this protective order will be deemed to limit or waive the attorney-client, work product, or any other privilege or is intended to affect the admissibility of any confidential material. Pursuant to Rule 502(d) of the Federal Rules of Evidence attorney-client, work product, or any other privilege will not be waived by disclosure connected to this litigation. Requests for confidentiality or sealing of any hearing or trial will be made to the presiding judge.

## VIII. RETURN OF CONFIDENTIAL MATERIALS

Within 60 days after this action is concluded, including any appeals, all materials designated as confidential material, and copies thereof, will be returned to the producing party. This provision will not apply to court filings or file copies of pleadings, briefs, or correspondence maintained by counsel during the ordinary course of business. Rather than returning confidential material, the material and

8

Case 4:11-cv-00485-JMM   Document 30   Filed 03/05/13   Page 9 of 12

copies thereof may be destroyed, with appropriate verification of the destruction from the party responsible for it.

IX. BINDING EFFECT

This protective order will remain in full force and effect at all times during which any party to this protective order or any person having executed the attached exhibit A retains in his, her, or its possession, custody, or control any confidential material.

X. ADDITIONAL PARTIES TO LAWSUIT

If other parties are added to this action, confidential material that was previously produced or used in this action will be not be disclosed to such parties or their counsel except upon agreeing to be bound by the provisions of this protective order.

XI. ADDITIONAL RIGHTS

This protective order is without prejudice to the right of any party to move the Court, pursuant to Fed. R. Civ. P. 26(c), for an order for good cause shown seeking protection of confidential material sought by or produced through discovery, which protection is different from or in addition to that provided for in this protective order, and such right is expressly reserved. Similarly, each party reserves the right to request the Court to order disclosure other than contemplated hereunder of materials subject to this protective order.

9

Approved as to form:

Dated: March 5, 2013          /s/ Caitlin Duffy

                                    Olimpio Lee Squitieri (admitted Pro Hac Vice)
                                    Caitlin Duffy ((Admitted Pro Hac Vice)
                                    SQUITIERI & FEARON, LLP
                                    32 East 57th Street
                                    12th Floor
                                    New York, New York 10022
                                    Telephone: (212) 421-6492
                                    Fascimile: (212) 421-6553


                                    J. Brad Moore (AR Bar No. 2010197)
                                    Randy Coleman (AR. Bar No. 70018)
                                    JACK NELSON JONES
                                    JILES & GREGORY, P.A.
                                    One Cantrell Center
                                    Little Rock, Arkansas 72202
                                    Telephone: (501) 375-1122
                                    Facsimile: (501) 375-1927


                                    Attorneys for Plaintiffs


Dated: March 5, 2013          /s/ Missy M. Duke
                                    Missy M. Duke (AR Bar No. 99167)
                                    Gregory J. Northen (AR Bar No. 2011181)
                                    Cross, Gunter, Witherspoon & Galchus, P.C.
                                    500 President Clinton Avenue, Suite 200
                                    Little Rock, Arkansas 72201
                                    Telephone: (501) 371-9999
                                    Facsimile: (501) 371-0035

                                    Joel M. Cohn (*pro hac vice*)
                                    Juliet E. Gray (*pro hac vice*)
                                    Akin Gump Strauss Hauer & Feld LLP
                                    1333 New Hampshire Avenue, NW

Washington, D.C. 20036
Telephone: (202) 887-4000
Fascimile: (202) 887-4288

Attorneys for Defendant
Home Depot U.S.A., Inc.

IT IS SO ORDERED.
Dated: March __5__, 2013

_____
The Honorable James M. Moody
U.S. District Court Judge
United States District Court

## EXHIBIT A

### ACKNOWLEDGEMENT CONCERNING INFORMATION COVERED BY A PROTECTIVE ORDER GOVERNING
*PULLINS, ET. AL. V. HOME DEPOT U.S.A., INC.*

The undersigned hereby acknowledges that he/she has read the protective order governing *Pullins, et al. v. Home Depot U.S.A., Inc*, No. 4:11-cv-00485 JMM currently pending in the United States District Court for the Eastern District of Arkansas, and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the United States District Court for the Eastern District of Arkansas for the purpose of enforcing its terms. If the undersigned individual is incapable of reading and independently understanding the terms of the protective order, plaintiffs' counsel warrants, by also signing below, that the terms have been fully explained to the individual, and the individual has agreed to be bound by the terms on that basis. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any confidential material made available to it/him/her other than in accordance with the terms and conditions of the protective order.

Dated: _____, 2013

By: _____
    Signature

_____
Printed Name

_____
Name of Employer

Plaintiffs' counsel (if applicable): _____
                                      Signature